IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIE JOE FRAUSTO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:08-CR-25 TS |

This matter is before the Court for consideration of a letter received by Defendant, which the Court has construed as a Motion to Amend Judgment. In that letter, Defendant requests the Court terminate his federal sentence. For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Defendant Louie Joe Frausto was named in an Indictment, charging him with being a felon in possession of a firearm and possession of a controlled substance. On November 8, 2010, Defendant pleaded guilty to Count I of the Indictment. On March 8, 2011, Defendant was sentenced to 120 months Bureau of Prisons custody. As part of the Judgment, the Court ordered

1

that his federal sentence run concurrent with a sentence that Defendant was serving for a state manslaughter conviction.

In the instant Motion, Defendant states that his entire federal sentence should be subsumed by his state sentence, for which he states he will serve 12 years. As a result, Defendant requests the immediate termination of his federal sentence.

## II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1]  Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]  "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

---

[1]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4]*Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

Section 3582(c) does not apply. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5] Further, none of the reasons set out in Rule 35(a) apply here. Defendant does not point to any arithmetical, technical, or other clear error in his sentence. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here.

Though the Court cannot simply terminate Defendant's federal sentence, the Court reiterates its position that Defendant's federal sentence is to run concurrent with his state sentence. Defendant should receive all appropriate credit from the Bureau of Prisons for that time.

---

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 43) is DENIED.

DATED   February 28, 2013.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge